**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UGOCHUKWU ADIGWEME,

        Plaintiff,

v.    Case No:    6:25-cv-295-GAP-LHP

DEPARTMENT OF VETERAN
AFFAIRS and JACLYN MARINO,

        Defendants

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    Before the Court is a Motion to Substitute and Motion to Dismiss, filed by the United States of America.  Doc. No. 16.  Plaintiff responds in opposition, Doc. No. 17, and the United States has filed an authorized reply, Doc. No. 19.  The matter has been referred to the undersigned and is ripe for review.[1]  Upon consideration,

---

[1] The docket reflects that Plaintiff's counsel of record, Jerry Girley, Esq. was suspended from the practice of law for a thirty (30) day period beginning on July 28, 2025. *See* Doc. No. 21.  No other counsel has appeared in this case on Plaintiff's behalf, however. Accordingly, the undersigned deferred issuing this report during that thirty (30) period to preserve Plaintiff's ability to file any objections, but it appears that the suspension period has now expired. *See id.*  Accordingly, the undersigned now issues this report.

and for the reasons discussed herein, the undersigned will respectfully recommend that the United States' motion (Doc. No. 16) be granted.

## I.  BACKGROUND.

Plaintiff Ugochukwu Adigweme instituted this action by complaint filed against Defendants Department of Veteran Affairs ("the VA") and Jaclyn Marino ("Dr. Marino") on February 21, 2025.  Doc. No. 1.  According to the complaint, Plaintiff was employed by the VA at its Lake Nona, Orlando Medical Center as a Reconstructive Foot and Ankle Surgeon, and during his employment, Dr. Marino was the supervising Podiatrist and Plaintiff's immediate supervisor.  *Id.* ¶¶ 4, 6. Plaintiff was terminated from employment on October 16, 2024, based, in part, on the fact that Plaintiff had too many patient advocate complaints, with Plaintiff alleging that those complaints were not specifically about him.  *Id.* ¶¶ 30, 32. Plaintiff asserts claims that during his employment, he suffered violations of Title VII of the Civil Rights Act for disparate treatment based on race (Black), disparate treatment based on national origin (Nigerian), disparate retaliatory hostile work environment, and retaliation (Counts I through IV),[2] and he also asserts a claim for

---

[2] From the complaint, it is not clear whether Counts I through IV are asserted against both Defendants or only against the VA, Doc. No. 1, although the undersigned notes that "[i]ndividual capacity suits under Title VII are . . . inappropriate." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).  Nonetheless, because the motion to substitute at issue concerns Count V alone, which is asserted against only Dr. Marino, that is the only issue which this report addresses.

tortious interference with an advantageous business relationship against Dr. Marino alone (Count V).   *Id.* at 1, 7–12.

With regard to Dr. Marino specifically, Plaintiff alleges that during his employment, Dr. Marino, in her capacity as Plaintiff's supervisor: (1) summoned Plaintiff to her office to discuss an issue between Plaintiff and a co-worker, Dr. Hamm; (2) facilitated a mediation between Plaintiff and Dr. Hamm; (3) subjected Plaintiff to a hostile work environment due to the interactions with Dr. Hamm about which he complained to the EEO; (4) issued a summary suspension of Plaintiff without any specific basis, with Plaintiff noting that Dr. Marino and Dr. Hamm are "very close all[ies]"; (5) issued another summary suspension alleging generally concerns about patient endangerment, (6) combed through Plaintiff's patient records to find "some minimal justification" for those suspensions; (7) during his summary suspension, referred the matter to the National Podiatry Professional Standards Review Board, with the intent to achieve a recommendation for termination, based on allegations of Plaintiff's poor surgical technique and failure to respond to a patient who needed medication after surgery; and (8) solicited critical evaluations of Plaintiff's surgical methods from a resident and ally of Dr. Hamm.   *Id.* ¶¶ 6, 14–16, 22, 25, 27–28, 30, 31, 51–52.   Plaintiff incorporates some of these allegations into Count V, which alleges that Dr. Marino tortiously interfered with his business relationship with the VA, such that Dr. Marino solicited

negative comments from Plaintiff's peers, falsely reported to hospital administration that Plaintiff had more complaints than his peers, and unnecessarily escalated mild issues regarding Plaintiff to a national board, with such acts motivated by personal animus and a desire to see Plaintiff lose his job with the VA. *Id.* ¶¶ 63–64; *see also id.* ¶ 59 (incorporating paragraphs 13–15, 48, 50, 51, and 52).

Defendants collectively appeared in the case through counsel. Doc. No. 13; Local Rule 2.02(b)(1). Neither Defendant has responded to the complaint, however. Instead, on June 4, 2025, the United States of America filed a Motion to Substitute and Motion to Dismiss. Doc. No. 16.[3] The United States argues that Dr. Marino was acting within the scope of her employment as a federal employee with the VA as to Plaintiff's claim in Count V, and pursuant to 28 U.S.C. § 2679(d), the United States should therefore be substituted in place of Dr. Marino. *Id.*, at 1-5. In support, the United States submits a Certification of Scope of Employment, pursuant to 28 U.S.C. § 2679(d)(1) and 28 C.F.R. § 15.4, in which Lacy R. Harwell, Jr., Chief, Civil Division, United States Attorney's Office, Middle District of Florida, certifies that Dr. Marino was acting within the scope of her federal employment at the time of the acts alleged. Doc. No. 16-1. The United States also argues that once

---

[3] The United States files this motion on its own behalf and on behalf of Dr. Marino, Doc. No. 16, and it is unclear from the docket why the VA has not answered or otherwise responded to the complaint.

substituted, Count V is due to be dismissed for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA") and because the tortious interference claim is barred by the FTCA. Doc. No. 16, at 5–10 (citing 28 U.S.C. §§ 2675(a), 2680(h)).

Plaintiff opposes the United States' motion. Doc. No. 17. Plaintiff contends that whether Dr. Marino was acting within her scope of employment is a factual question necessitating discovery, specifically as to whether Dr. Marino "was justified in taking the action that she did or whether she acted with malice," which in Florida, is a jury question, rendering it inappropriate for resolution on the United States' motion. *Id.* at 4–5. Plaintiff "does not generally disagree," however, that his tortious interference claim in Count V "is a claim that is exempted from coverage under the federal claims act." *Id.* at 5.

The undersigned directed the United States to file a reply addressing Plaintiff's contentions. Doc. No. 18. In reply, the United States maintains that substitution is proper, arguing that Plaintiff has not rebutted via evidence or otherwise its certification that Dr. Marino was acting within the scope of her employment. Doc. No. 19. On August 28, 2025, Dr. Marino also filed a Defendant's Supplemental Authority, in which she points to *M & M Superior Contracting, LLC, et al. v. Lugo, et al.*, No. 6:25-cv-00989-ACC-RMN, Doc. No. 26 (M.D. Fla. Aug. 19, 2025), which is addressed below. Doc. No. 23.

## II. ANALYSIS.

### A. Substitution of the United States.

The issue of substitution is governed by what is known as the Westfall Act:

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229, 127 S. Ct. 881, 887, 166 L.Ed.2d 819 (2007) (citing 28 U.S.C. § 2679(b)(1)). The Act empowers the Attorney General to respond to a suit against a federal employee by certifying that an employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(1), (2). Upon such certification, the employee is dismissed from the action and the United States is substituted in her stead.

The Attorney General's Westfall certification, however, is subject to judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420, 115 S. Ct. 2227, 2229, 132 L.Ed.2d 375 (1995). If a plaintiff challenges the Attorney General's certification, the District Court must apply *de novo* review to the Attorney General's scope of employment certification. *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990). Yet because the Attorney General's certification serves as *prima facie* evidence that the conduct at issue occurred within the scope of employment, the "burden of altering the status quo by proving that the employee acted outside the scope of employment is . . . on the plaintiff." *Id.* at 1543. The question of whether an employee acted within the scope of her employment for purposes of § 2679(d)(1) "is an issue governed by the law of the state where the incident occurred." *Id.* at 1542 (citing *Nasuti v. Scannell*, 906 F.2d 802, 813 (1st Cir. 1990), *abrogated on other grounds by Osborn*, 549 U.S. 225, 127 S. Ct. 881. . . . .

*Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305–06 (11th Cir. 2022).

Here, the United States submits a Certification of Scope of Employment from the United States Attorney's Office,[4] which provides *prima facie* evidence that the conduct at issue occurred within the scope of employment.  *See id.*; Doc. No. 16-1; *see also Bunyan v. United States*, No. 8:18-cv-2210-T-36JSS, 2019 WL 4644031, at *4 (M.D. Fla. Sept. 24, 2019) ("[A] certification serves as *prima facie* evidence that the employee was acting within the scope of his or her employment when the incidents occurred.").  Thus, the United States is due to be substituted in place of Dr. Marino in this case.  *See S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990), *as amended*, 924 F.2d 1555 (11th Cir. 1991) (because § 2679(d)(2) states that "[u]pon certification . . . the United States shall be substituted as the party defendant," and although "this scope certification is not dispositive for purposes of substitution, it indicates that the United States is substituted as an automatic consequence of the Attorney General's certification"); *see also Burns v. United States*, 809 F. App'x 696, 700 (11th Cir. 2020) ("The language of § 2679(d)(1) is mandatory and provides that the United States 'shall be substituted' upon certification." (citing *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162 (2016))).[5]  To challenge that substitution,

---

[4] "The Attorney General has delegated the power to certify employees' actions as within the scope of employment to the United States Attorneys under 28 C.F.R. § 15.4(a)." *Burns v. United States*, 809 F. App'x 696, 700 (11th Cir. 2020); *see also McGuigan v. Nance*, No. 8:10-cv-1794-T-30TBM, 2010 WL 3835833, at *1 n.1 (M.D. Fla. Sept. 29, 2010).

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."  *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d

Plaintiff must demonstrate that Dr. Marino was acting outside of the scope of her employment as it relates to the claims asserted in the complaint, an issue on which Plaintiff bears the burden. *See S.J. & W. Ranch, Inc.*, 913 F.2d at 1543 ("The burden of altering the status quo by proving that the employee acted outside the scope of employment is . . . on the plaintiff.").[6]

"Under Florida law, an employee acts within the scope of his employment 'if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master.'" *Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992) (quoting *Kane Furniture Corp. v. Miranda,* 506 So. 2d 1061, 1067 (Fla. Dist. Ct. App. 1987)). "Stated another way, the issue is 'whether the employee was doing what his employment contemplated.'" *Id.* (quoting *Morrison Motor Co. v. Manheim Servs. Corp.,* 346 So. 2d 102, 104 (Fla. Dist. Ct. App. 1977)).

By his response, Plaintiff has not carried his burden of demonstrating that Dr. Marino acted outside the scope of her employment. Plaintiff submits no evidence and relies solely on the allegations of the complaint in support. Doc. No. 17. This is generally insufficient to carry Plaintiff's burden to rebut the Westfall certification.

---

1340, 1354 n.7 (11th Cir. 2007).

[6] It does not appear that the Eleventh Circuit has addressed the standard applicable to that burden, however, and other courts take varying approaches. *See Omnipol, A.S.*, 32 F.4th at 1310 (Jordan, Circuit Judge, concurring) (explaining same).

*See Osborn v. Haley*, 549 U.S. 225, 231 (2007) (holding that, following the Certification, the United States is to remain the defendant "unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment").

Nonethless, even accepting the allegations of the complaint as true, the complained-of acts by Dr. Marino were made within the scope of employment, to include supervising Plaintiff, addressing employee complaints, imposing discipline, investigating allegations regarding performance, and referring complaints to a Review Board. Doc. No. 1 ¶¶ 6, 14–16, 22, 25, 27–28, 30–31, 63–64. *See, e.g.*, *Nadler*, 951 F.2d at 305–06 (AUSA acted within the scope of his employment when he arranged a meeting between the FBI and the public official who alleged a bribery scheme and when AUSA spoke about the public official's allegation with a fellow AUSA and with a representative of the Department of Justice's Public Integrity Section); *Mullane v. Moreno*, No. 21-13468, 2025 WL 1386666, at *5 (11th Cir. May 14, 2025) (noting that scope of employment question looks to each act alleged in complaint, and affirming district court's finding that allegations of a defamatory performance review that fell within supervisor's responsibilities, and reporting alleged misconduct to future employer, were both within scope of employment for purposes of Westfall certification).

In response to the United States' motion, Plaintiff asserts that discovery and/or a jury trial is needed to determine whether Dr. Marino "was justified in taking the action that she did or whether she acted with malice," and whether Dr. Marino "acted with an ulterior motive of causing harm to the Plaintiff." Doc. No. 17, at 4–5. According to Plaintiff, these are questions for the factfinder under Florida law. *Id.* However, as the United States argues in reply, Doc. No. 19, none of the authority on which Plaintiff relies for this proposition addresses a certification under the Westfall Act, nor the general standards for scope of employment inquiries under Florida law.

Specifically, Plaintiff says that under Florida law, a terminating/supervising employee cannot generally be held liable on a tortious interference claim, but when there is unjustified interference by the terminating employee, a tortious interference action may lie against the terminating employee if he/she acts solely with improper and ulterior purpose and the action taken (*i.e.*, termination) is not in the principal's best interest. Doc. No. 17, at 3–5. Plaintiff cites Florida authority generally stating these principles. *Id.*; *see Rudnick v. Sears, Roebuck & Co.*, 358 F. Supp. 2d 1201, 1206 (S.D. Fla. 2005); *Alexis v. Ventura*, 66 So. 3d 986, 988 (Fla. Dist. Ct. App. 2011) *O.E. Smith's Sons, Inc. v. George*, 545 So. 2d 298, 299 (Fla. Dist. Ct. App. 1989); *Sloan v. Sax*, 505 So. 2d 526, 528 (Fla. Dist. Ct. App. 1987); *see also Jones v. Vasilias*, 359 So. 3d 10 (Fla. Dist. Ct. App. 2023) (addressing negligence claim against supervisors); *First*

*Fin. USA, Inc. v. Steinger*, 760 So. 2d 996 (Fla. Dist. Ct. App. 2000) (addressing fraud in the inducement claim against corporation owner); *McCurdy v. Collis*, 508 So. 2d 380, 382 (Fla. Dist. Ct. App. 1987) (addressing qualified privilege).[7]  Plaintiff also relies on Florida jury instructions regarding malice to argue that malice is a factual rather than legal question.  Doc. No. 17, at 4.

But again, none of the authority on which Plaintiff relies relates to a Westfall certification or to the general inquiry regarding scope of employment under Florida law, nor does Plaintiff explain how those cases would apply in this context.  *See id.* at 3–5.  *Cf. Gutierrez de Martinez v. Drug Enf't Admin.*, 111 F.3d 1148, 1153 (4th Cir. 1997) ("The Westfall Act, in conjunction with the FTCA, makes clear that a plaintiff seeking relief against a federal employee is not entitled to a jury trial on the scope-of-employment issue, even if the relevant state law would provide a jury trial." (citation omitted)).

Further, Plaintiff merely asserts the Court "does not have sufficient information" to resolve the issue at this time, relies solely on the allegations of the complaint in support, and fails to provide any specifics as to what information

---

[7] *But see Int'l Mulch Co., Inc. v. Novel Ideas, Inc.*, No. 8:14-cv-3024-T-27TGW, 2015 WL 12830375, at *4-5 (M.D. Fla. May 13, 2015) (granting motion to dismiss tortious interference claim where the only allegations concerned the individual defendant, an owner and officer of the business-entity defendant, and conclusory allegations that the individual defendant used improper means, acted in bad faith, and acted in self interest in interfering were insufficient to state a claim absent supportive facts).

Plaintiff has, or needs, to meet the standards set forth in the cited authority. *Cf. Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1339 (M.D. Fla. 2019), *aff'd*, 32 F.4th 1298 (11th Cir. 2022) (in Westfall certification context, request for discovery cannot be based on allegations of complaint alone, and the plaintiff must forecast specific evidence that contradicts the Attorney General's certification decision); *Glover v. Donahoe*, No. 1:13-CV-02040-KOB, 2014 WL 1923798, at *4 (N.D. Ala. May 13, 2014) (although under Alabama law an employee could be guilty of violating a plaintiff's rights while still acting within the scope of employment, the simple existence of a complaint alleging violation of rights was insufficient to show that the defendants were acting outside the scope of their employment, for "[i]f the court were to embrace [that] position, it would be forced to allow discovery and hold an evidentiary hearing even absent a factual challenge to the certification").

Defendant's Supplemental Authority (Doc. No. 23) is instructive. In *M & M Superior Contracting, LLC, et al. v. Lugo, et al.*, No. 6:25-cv-00989-ACC-RMN, Doc. No. 26 (M.D. Fla. Aug. 19, 2025), Presiding United States District Judge Anne C. Conway addressed a similar opposition to a Westfall certification, where the plaintiffs brought defamation and tortious interference with contract/business relationship claims, and relied solely on the allegations of the complaint to rebut the Westfall certification. There, the plaintiffs were a delivery contractor for the United States Postal Service ("USPS") and its representatives, who alleged that individual

defendants working for USPS engaged in a "smear campaign" against them with the intent to have USPS cancel its contracts with the plaintiffs. *Id.*, Doc. No. 26, at 2, 4–5. The plaintiffs alleged that the individual defendants refused to pay them for hours and mileage, changed their travel routes, called a mandatory meeting to disparage them causing them to lose employees, issued a write-up, and made negative comments to the plaintiffs' staff. *Id.*, Doc. No. 26, at 5–6. Judge Conway determined that reliance solely on the allegations of the complaint was insufficient to rebut a Westfall certification. *Id.*, Doc. No. 26, at 8. Even considering the complaint and accepting its allegations as true, Judge Conway determined that the defendants were acting within the scope of their employment, and even if there was some improper motivation by the defendants, the acts were at least, in part, taken to serve USPS. *Id.*, Doc. No. 26, at 8–15.

Here, the same is true. Plaintiff relies solely on the allegations of the complaint to rebut the Westfall certification, which is insufficient to carry his burden. Further, the acts complained of by Dr. Marino fall within the scope of her employment, and even if partially based on improper motive, still fall within the scope of employment. *See* Doc. No. 1.

In sum, besides stating that the Court lacks sufficient information at this juncture to determine whether Dr. Marino acted with an ulterior motive, Doc. No. 17, at 5, Plaintiff presents no evidence demonstrating that the actions alleged in the

complaint as to Dr. Marino fell outside the scope of employment or were taken with malice or an ulterior motive, or not in the interest of the VA. As such, discovery on this issue is not warranted because "discovery and an evidentiary hearing are unnecessary where a plaintiff alleges no facts to support his contention that a federal employee defendant acted outside the scope of employment at the time of the alleged wrongdoing." *Omnipol,* 421 F. Supp. 3d at 1333 (citing *Glover v. Donahoe*, 626 F. App'x 926, 930 (11th Cir. 2015) ("[N]othing mandates that a district court allow discovery and hold an evidentiary hearing before ruling on a section 2679 certification.")). To rebut the Certification of Scope of Employment, Plaintiff "must submit specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Id.* (citation and quotation marks omitted); *see also Castellanos v. Pfizer, Inc.*, 555 F. Supp. 2d 1343, 1347 (S.D. Fla. 2008) ("To carry their burden, Plaintiffs must submit specific evidence or the forecast of specific evidence that contradicts the Certification. Otherwise, there is no need to burden the federal employees with discovery or an evidentiary hearing regarding the scope of employment." (citations and quotation marks omitted)). This Plaintiff has not done.

Because Plaintiff has failed to carry his burden of rebutting the Westfall certification, the undersigned will respectfully recommend that the United States'

motion be granted to the extent that the United States be substituted for Dr. Marino in this case under 28 U.S.C. § 2679(d)(1). *See, e.g.*, *Omnipol, a.S.*, 421 F. Supp. 3d at 1339 (substituting the United States where "Plaintiffs have not proffered a forecast of specific facts that the discovery would show but, rather, only give examples of broad topics they would like to explore in discovery"); *McGuigan v. Nance*, No. 8:10-cv-1794-T-30TBM, 2010 WL 3835833, at *3 (M.D. Fla. Sept. 29, 2010) (finding substitution proper where the employee was acting within the scope of his employment, despite plaintiffs' argument that the federal employee was acting outside of the scope of his employment because his actions violated the law); *Nadler v. Mann*, 731 F. Supp. 493, 497 (S.D. Fla. 1990), *aff'd in relevant part, rev'd in part*, 951 F.2d 301 (11th Cir. 1992) (absent argument that activities of federal employee were outside of the ordinary scope of employment, claims that federal employee's activities "were motivated by his ambition to oust [the plaintiff-judge] from the state bench" could not defeat finding that employee was otherwise acting within the scope of employment); *see also Gutierrez de Martinez*, 111 F.3d at 1155 ("If the plaintiff does not come forward with any evidence, the certification is conclusive.").[8]

---

[8] The undersigned notes that there is authority for the proposition that this issue may be later revisited if the circumstances so warrant. *See, e.g.*, *Burell v. Rossano*, No. 3:13-cv-877-J-39PDB, 2014 WL 7178012, at *5 (M.D. Fla. Dec. 16, 2014) (substituting United States for federal employee and dismissing claims against federal employee "without prejudice to reasserting those claims and renaming him as a defendant if the United States later

B. <u>Dismissal of Count V</u>.

The United States argues, and Plaintiff does not dispute, that should the United States be substituted in place of Dr. Marino, Count V of the complaint alleging tortious interference with an advantageous business relationship must be dismissed both because Plaintiff failed to exhaust his administrative remedies under the FTCA and because the claim is barred by the FTCA. Doc. No. 16, at 5–8; Doc. No. 17, at 5; Doc. No. 19, at 6. Upon review, because the United States is properly substituted for Dr. Marino, the undersigned agrees that Count V alleging tortious interference with an advantageous business relationship is subject to dismissal for lack of subject matter jurisdiction under 28 U.S.C. § 2680(h).[9]

The Eleventh Circuit has explained:

> "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *see also United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The terms of the federal government's "consent to be sued in any court define that court's jurisdiction to entertain the suit." *Sherwood*, 312 U.S. at 586, 61 S.Ct. at 770. The Federal Tort Claims Act

---

withdraws its certification").

[9] Because this issue is dispositive, it does not appear necessary for the Court to address the United States' contention that Plaintiff failed to exhaust administrative remedies. Doc. No. 16, at 5–8. That said, Plaintiff does not dispute the United States' argument on this point, *see* Doc. No. 17, and this would provide an independent basis for dismissal of Count V once the United States is substituted for Dr. Marino. *See, e.g.*, *McGuigan*, 2010 WL 3835833, at *3–4 (granting the United States' motion to dismiss where "Plaintiffs failed to allege any compliance with the administrative claim provisions of the FTCA").

> provides a limited waiver of sovereign immunity making the United States liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment. . . ." 28 U.S.C. § 1346(b). Where the FTCA applies, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances. . . ." 28 U.S.C. § 2674.
>
> Congress, however, "adopted several exceptions to this consent to be sued, which must be strictly construed in favor of the United States." *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993); *see also Baum v. United States*, 986 F.2d 716, 719 (4th Cir.1993) (noting that "waiver of immunity is tempered by a rather extensive list of exceptions"). If the alleged conduct falls within one of these statutory exceptions, the court lacks subject matter jurisdiction over the action. *See Dalehite v. United States*, 346 U.S. 15, 31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953); *Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983).

*JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263–64 (11th Cir. 2000).

Here, at issue is the exception for claims "arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). Because the United States is properly substituted for Dr. Marino, the undersigned agrees that Count V alleging tortious interference with an advantageous business relationship (Plaintiff's employment with the VA) is subject to dismissal for lack of subject matter jurisdiction. *See id.*; *M & M Superior Contracting, LLC, et al. v. Lugo, et al.*, No. 6:25-cv-00989-ACC-RMN, Doc. No. 26, at 16-17 (M.D. Fla. Aug. 19, 2025) (tortious interference with contract claims barred under FTCA); *Misick v. United States*, No. 06-22714-CIV, 2007 WL 4557166, at *3 (S.D. Fla. Dec. 21, 2007) (tortious interference with contract rights claim expressly barred by FTCA). Accordingly, once substituted, the undersigned

recommends that Count V be dismissed against the United States. *See, e.g.*, *Knezevich v. United States*, No. 8:18-cv-1589-T-02AEP, 2019 WL 1093449, at *7 (M.D. Fla. Jan. 15, 2019), *report and recommendation adopted*, 2019 WL 459140 (M.D. Fla. Feb. 6, 2019), *aff'd sub nom. Knezevich v. Carter*, 805 F. App'x 717 (11th Cir. 2020) (the Court lacks jurisdiction to entertain tortious interference with contractual relationship claims under 28 U.S.C. § 2680(h)); *Castellanos v. Pfizer, Inc.*, 555 F. Supp. 2d 1343, 1348 (S.D. Fla. 2008) (dismissing tortious interference with business relations claim against the United States under 28 U.S.C. § 2680(h) after substitution of the United States).

## III.  RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court **GRANT** the United States' Motion to Substitute and Motion to Dismiss (Doc. No. 16), **SUBSTITUTE** the United States in place of Dr. Marino, and thereafter **DISMISS** Count V of the complaint for lack of subject matter jurisdiction. The undersigned further recommends that the Court direct Defendant the Department of Veteran Affairs to answer or otherwise respond to the remaining counts in the complaint within a time specified by the Court, or show cause why the VA has not yet responded to the Complaint.

**NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 5, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record